NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Julie McDaniel, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 08-CV-3148 (DMC) |
| Continental Airlines, Inc., | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by *pro se* Plaintiff Julie A. McDaniel ("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering Plaintiff's submissions, and based upon the following, it is the finding of the Court that Plaintiff's application is **denied**.

**I.    BACKGROUND**

Plaintiff worked as a flight attendant for Defendant Continental Airlines, Inc. ("Defendant"). Plaintiff complains of sexual harassment, age and gender discrimination and retaliation. Plaintiff alleges that on October 16, 2006, her co-workers began to harass her. Plaintiff reported several incidents of harassment and bullying to her supervisor Sajid Ali, Manger of Guest International Service, her crew Captain Gil DeGeorge, the Union, and other management personnel. Plaintiff alleges that less then two weeks later she was terminated. Plaintiff asserts that she was a good employee who received positive reviews and that no complaints or performance issues were ever

brought against her.

Plaintiff is currently unemployed. Plaintiff has not indicated her level of education but has demonstrated an impressive ability to pursue her case. Plaintiff requests *pro bono* council because she is unable to pay an attorney as a result of her current unemployment and resulting financial situation. Plaintiff argues that she is unable to pursue her case on her own because she is in Ohio and because the complexities of the law involved. Plaintiff further asserts that the amount of discovery needed will require someone in New Jersey with legal expertise she does not possess.

## II.   DISCUSSION

In Tabron v. Grace, the Third Circuit Court of Appeals established specific guidelines for determining whether the appointment of *pro bono* counsel is warranted. See 6 F.3d 147, 155, 158 (3d Cir. 1993). The Third Circuit emphasized that, as a threshold matter, courts must analyze the substance of an applicant's underlying claim for merit before engaging in any further evaluation. See id. Only after a determination that an applicant's claim has merit in fact and law should a court move on to consider and evaluate the variety of factors outlined in Tabron. See id. at 155.

In determining whether appointment of *pro bono* counsel is appropriate, the Court must consider several factors, including whether

> (1) the claim has some merit;
> (2) the *pro se* party lacks the ability to present an effective case without an attorney;
> (3) the legal issues are complex or, the ultimate legal issues are not complex, but the *pro se* party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs;
> (4) factual investigation will be necessary and the party is not adequately able to pursue said investigation;
> (5) the case is likely to turn on credibility determinations;
> (6) the case will require expert testimony; and
> (7) the party is unable to attain and afford counsel on his/her own behalf.

See Parham v. Johnson, 126 F.3d 454 (3d Cir. 1997); Tabron, 6 F.3d 147.

Factors to be considered by a court after a plaintiff makes a sufficient showing of merit include the ability of the plaintiff to present his or her own case. See id. at 156. In making this determination, courts "generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." Id. Courts should "also consider the difficulty of particular legal issues" and "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue investigation." Id.

**III.   ANALYSIS**

As a threshold matter, courts must analyze the substance of an applicant's underlying claim for merit before engaging in any further evaluation of the application for appointment of *pro bono* counsel. See Tabron, 6 F.3d 147. In analyzing the merits of Plaintiff's Complaint, the Court is cognizant that a *pro se* complaint is held to a less stringent standard than pleadings filed by an attorney. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Moreover, the Court recognizes that civil rights allegations, however inartfully pleaded, are not meritless unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Id.

Here, Plaintiff alleges that Defendant and its employees have engaged in employment discrimination, sexual harassment, and retaliation. Plaintiff has provided enough detail to establish that her claims have sufficient merit to allow the Court to proceed to the second stage of the *pro bono* counsel analysis.

Plaintiff has demonstrated adequate understanding of her claims and the underlying law upon which they are based to proceed *pro see*. Her claims however, will require significant factual development which will prove difficult but not impossible for Plaintiff to undertake without an attorney both because she is in Ohio and because of the level of factual investigation that will be

required. Plaintiff stipulates that she is unemployed and currently does not have sufficient funds to pay an attorney. Nonetheless, Plaintiff has paid other attorneys and she contends that she will be able to attend proceedings in New Jersey evidencing that she has some funds available. Plaintiff has not demonstrated that she has made an effort to find an attorney in New Jersey. Considering that Plaintiffs' case is of the type often taken on a contingency fee basis, the Court is not convinced that Plaintiff would be unable to find an attorney in New Jersey on her own.

Based on a review of Plaintiff's Complaint and application for *pro bono* counsel, the Court finds that appointment of *pro bono* counsel is not appropriate at this time. Although Plaintiff may not have knowledge of the rules of evidence and discovery desirable to properly litigate this case, Plaintiff has demonstrated an ability to learn enough to perform discovery if it becomes necessary for her to proceed *pro see*. Plaintiff has not demonstrated that she is indigent. Moreover, Plaintiff has not sufficiently demonstrated that she has attempted to find council in New Jersey or that she is unable to obtain counsel in New Jersey on her own.

**IV.   CONCLUSION**

For the reasons stated, it is the finding of the Court that Plaintiff's application for appointment of *pro bono* counsel is **denied** without prejudice. An appropriate Order accompanies this Opinion.

                                                    S/ Dennis M. Cavanaugh
                                                   Dennis M. Cavanaugh, U.S.D.J.

Date:           November  24  , 2008
Orig.:          Clerk
cc:             Counsel of Record
                The Honorable Mark Falk, U.S.M.J.
                File