NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIE McDANIEL., | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 08-CV-3148(DMC - JAD) |
| CONTINENTAL AIRLINES, INC. | |
| Defendant | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Julie McDaniel ("Plaintiff") to re-open her case against Continental Airlines, Inc. ("Defendant") pursuant to Fed. R. Civ. P. 60(b)[1]. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. Upon careful consideration of the parties' submissions, for the reasons herein expressed, it is the decision of this Court that Plaintiff's motion to re-open is **denied.**

**I.     BACKGROUND**

On June 23, 2008 Plaintiff, acting *pro se*, filed suit against Defendant alleging discrimination, harassment, and retaliatory discharge from her job as a flight attendant. After

---

[1] As Defendant correctly points out, Plaintiff "does not specify the authority under which she seeks relief." (Defendant's Letter Brief, ECF Doc. 16, p. 2). The Court concludes that the only authority on which Plaintiff might hope to rely is Fed. R. Civ. P. 60(b), and so it is the standard for Rule 60(b) that the Court has applied to the facts of this case. In addition, because the Court finds that even taking the facts in the light most favorable to Plaintiff, there is no theory on which relief could be granted, the Court has also analyzed the facts under the standards of a motion to dismiss.

filing her complaint, Plaintiff did nothing to prosecute her case until the filing of the instant motion more than two years later. On March 25, 2010, following a call to dismiss the case issued on March 4, 2010, the Court dismissed Plaintiff's complaint for failure to effectuate service pursuant to Fed. R. Civ. P. 4(m). Almost one year later, on March 21, 2011, Plaintiff, through her retained counsel, moved to re-open the case, citing several tragic circumstances that had made it difficult for her to pursue this action until that point. Defendant opposes the motion because Plaintiff's behavior does not constitute or prove "excusable neglect," and because the underlying cause of action has become time-barred in the ensuing years since Plaintiff first thought to bring suit.

**II.     LEGAL STANDARD**

    A.     Rule 60(b)

Rule 60(b) provides, in pertinent part, that a court may, on the motion of a party, grant relief from a final order, judgment, or proceeding because of:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. *On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ...* or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

In determining whether a party who has missed a deadline is entitled to relief from

dismissal because of "excusable neglect," a court must look at the totality of the circumstances. *See George Harms Construction Co., Inc. v. Chao,* 371 F.3d 156, 163 (3d Cir.2004). When evaluating whether a party's neglect in prosecuting its case was "excusable," courts should consider "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Investment Services v. Brunswick Assocs.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *George Harms Construction,* 371 F.3d at 163 (adopting the *Pioneer* framework).

    B.    <u>Fed. R. Civ. P. 12(b)(6)</u>

"The [d]istrict [c]ourt, in deciding a motion under Fed. R. Civ. P. 12(b)(6), [is] required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 228 (3d Cir. 2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above a speculative level, [ ] on the assumption that all factual allegations in the complaint are true (even if doubtful in fact)." <u>Bell</u> at 555-56. The Complaint must set forth direct or inferential allegations respecting all the

material elements necessary to sustain recovery under some viable legal theory. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). That said, something more than a mere *possibility* of a claim must be alleged; the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Id* at 570.

**III.    DISCUSSION**

Based on the Certification of Plaintiff's attorney, it appears that Plaintiff has suffered a series of tragedies including the death of her son, younger brother and mother that made it impossible for her to proceed against her former employer in a timely fashion. The Court, while sympathetic to Plaintiff's circumstances, is mindful of Defendant's correct and important observation that the certification of counsel as presented is simply incompetent to certify what it attempts to do. There is no affidavit from Plaintiff herself, nor any documentation that would allow the Court to properly consider Plaintiff's life circumstances under the rubric of Fed. R. Civ. P. 60(b)(6). This is a serious error, and not something that can fairly be described as "inadvertence" or "mistake." Moreover, the Court is instructed to consider the totality of circumstances, which also includes prejudice to Defendant. In conducting that analysis, the Court finds it curious that Plaintiff never even responded to Defendant's letter brief, as Plaintiff was entitled to do on or before April 25, 2011, nor did Plaintiff make any showing to refute Defendant's claim that this action is now time-barred by Plaintiff's failure to prosecute. Thus, even if the Court could overlook the failure to make even a modest evidentiary showing to document the hardships that Plaintiff has apparently faced, and even if the Court minimized the prejudice to Defendant, there is no relief that could be granted because the applicable statute of limitations has simply expired, and has not been

tolled. As Defendant correctly points out, Plaintiff was entitled to re-file her case after the dismissal on March 21, 2010 because the dismissal was without prejudice. Nonetheless, since the limitations period expired in the interim for both the state and Federal law claims, re-opening the case would not turn back the clock. It would be futile to allow the case to be re-opened, and thus the Court declines to do so.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiff's motion to re-open the case is **denied**. An appropriate Order follows this Opinion.

 S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date:   April   29 , 2011
cc:     Hon. Mark Falk, U.S.M.J.
        Counsel of Record